## N. Y. SUPERIOR COURT.

EDWARD COLEMAN, plaintiff, agt. VAN BRUGH LIVINGSTON, defendant.

Where an action is brought against a defendant as warehouseman to recover for the loss of property left with him as such warehouseman on the ground of negligence on the part of the defendant, the court will rigidly adhere to the rule that the burden of proof rests upon the defendant to explain and account for the loss.

But, at the same time, where the testimony, given on the part of the defense, fully and satisfactorily explains the manner of the loss, and that the defendant did not in any way contribute by any neglect or want of precaution on his part to such loss, and in the absence of proof on plaintiff's side from which negligence could be inferred, the defendant is entitled to a *nonsuit.*

*General Term, June,* 1873.
*Before* FREEDMAN, CURTIS *and* VAN VORST, *JJ.*
MOTION for a reargument.

CHARLES H. SMITH, *for the motion.*
JOHN MCKEON, *opposed.*

*By the Court,* FREEDMAN, *J.*—On defendant's appeal from the judgment and order denying motion for a new trial, the April general term reversed the judgment and order appealed from, and ordered a new trial, on the ground that at the close of the trial defendant's motion for a dismissal of the complaint upon the whole evidence should have been granted.

Plaintiff now moves for a reargument on the sole ground that since that decision the court of appeals, as he claims, has decided in the case of *The J. Russell Manufacturing Company* agt. *The New Haven Steamboat Company,* that upon a state

of facts very similar to that presented by the evidence in this case, the question of negligence was for the jury, and that he believes that, if this adjudication had been brought to the notice of the general term of this court, the judgment would have been affirmed.

An examination of the two cases discloses, however, that the claim is not well founded. In the case at bar, which is an action to recover from the defendant, a warehouseman, for the loss of merchandise, the general term rigidly adhered to the rule that the burden of proof rested upon the defendant to explain and account for the loss. But, at the same time, it was held that the testimony given on the part of the defense, which it is not necessary to give in detail here, not only fully and satisfactorily explained the manner of the loss, but that it also clearly demonstrated that defendant did not in anywise contribute by any neglect or want of precaution on his part. It was held that this evidence, which was uncontradicted and unimpeached, was so convincing that, in the absence of all proof on plaintiff's side from which negligence could be inferred, the jury was not at liberty to adopt any other theory, and that, consequently, the case should not have been submitted to the jury at all against the objection and exception of the defendant.

In *Russell* agt. *The New Haven Steamboat Company*, on the other hand, the evidence adduced by the defendant was neither convincing nor otherwise satisfactory. The fire had not been communicated to defendant's wharf from without, but had broken out on defendant's own premises. Plaintiff gave evidence of defendant's negligence, and such evidence, though slight, was held sufficient to make it the duty of the defendant, although liable as warehousemen only, to explain the circumstances of the destruction of the property. Defendant failed to give such explanation, and omitted to produce any of the persons said to have been left in charge, or to show that any efforts were made by these persons to save the property. From these suspicious circumstances, the jury in that case

Coleman agt. Livingston.

might well have drawn inferences unfavorable to the defendant, and it was for this reason that the withdrawal of the case from the consideration of the jury was held to have been erroneous.

The two cases are not analogous.

The motion for a reargument must be denied, with costs.

CURTIS and VAN VORST, JJ., concurred.